IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 8:20-CR-165-MSS-AAS

DAVID BYRON COPELAND

## UNITED STATES' MOTION FOR TIMELY NOTICE OF INTENT TO ASSERT ADVICE-OF-COUNSEL DEFENSE AND RELATED DISCOVERY

The United States of America files this motion for an order directing the defendant, David Byron Copeland ("Copeland"), to (a) produce reciprocal discovery to the United States; (b) provide timely notice to the government of an intent to assert or rely upon an advice-of-counsel defense, and (c) produce all evidence related to the defendants' intended advice-of-counsel defense, pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

To date, the United States has not received any reciprocal discovery and although the United States has no reason to believe that there is a viable advice-of-counsel defense in this case, any assertion of that defense at trial has the potential to cause significant, unwarranted delay and to waste judicial resources.  Presently, trial is set to begin on November 1, 2021.  Accordingly, the United States respectfully requests that the Court enter an order compelling Copeland to provide notice and full reciprocal discovery to the government no later than 30 days prior to trial, i.e., October 1, 2021.

## FACTUAL BACKGROUND

On May 27, 2020, a federal grand jury returned an indictment charging James Wesley Moss ("Moss"),[1] Edward Christopher White, Jr. ("White"), Michael Alton Gordon ("Gordon"), and Copeland (collectively "the defendants") with conspiracy to defraud the United States and to commit the offenses of soliciting and receiving health care kickbacks and offering and paying health care kickbacks, in violation of 18 U.S.C. § 371 and 42 U.S.C. § 1320a-7b(b)(2). The defendants are also charged, respectively, with substantive counts of receiving and paying health care kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(1).  (Dkt. 1.)

The indictment alleges that from in or about November 2012 through in or about September 2015, the defendants, through Florida Pharmacy Solutions ("FPS"), a compounding pharmacy, knowingly conspired to pay and receive illegal kickbacks and bribes in exchange for the referral of prescriptions for compounded medication that were billed to TRICARE.  As stated in the Indictment, the defendants obtained prescriptions for compounded medication and billed TRICARE for filling those prescriptions despite knowing that the prescriptions were procured through unlawful kickbacks.

The undersigned attorneys for the United States contacted Copeland's counsel, Mr. David Little, and requested reasonable notice of any advice-of-counsel

---

[1] On May 14, 2021, Moss pled guilty to three counts of Indictment including count one for violating 18 U.S.C. § 371, count fourteen for violating 42 U.S.C. § 1320-a7b, and count twenty for violating 21 U.S.C. § 841(a)(1).

2

defense and the applicable privilege waivers. Mr. Little asserted that his client, Copeland, enjoys an advice-of-counsel defense but did not state whether Copeland would assert the defense.[2] The United States' counsel requested that Copeland provide the materials supporting such a defense, but Mr. Little responded that the requested information would only be provided when and if Copeland decides to advance such a defense at trial.[3]

To date, Copeland, has not provided documents or materials that he may use in his case in chief. The defendant has a general obligation to produce defense discovery and has not met that obligation. With trial on the horizon, the United States fulfilling its obligations, and Copeland already having had more than ample time to comply with obligations of his own, it is vital for the Court to order Copeland to immediately comply with the Rules and set a firm deadline for the production of reciprocal discovery including discovery related to an advice-of-counsel defense.

---

[2] On September 22, 2021, the undersigned attorney for the United States emailed Mr. Little to confer on his client's position on this motion to compel. In response, Mr. Little stated: "I have no position on your motion to compel discovery for a defense i have not indicated i would pursue."

[3] The undersigned attorneys for the United States also contacted Gordon's counsel, Mr. J. Jervis Wise, and requested reasonable notice of any advice-of-counsel defense and the applicable privilege waivers. Mr. Wise confirmed that Gordon would not seek to assert an advice-of-counsel defense at trial.

## ARGUMENT

I.     **Legal Standard**

    **A. Rule 16 Compliance**

Rule 16 of the Federal Rules of Criminal Procedure imposes reciprocal discovery obligations on defendants. Specifically, Rule 16(b)(1)(A) provides that where the government complies with a defendant's request for disclosure under Rule 16(a)(1)(E), a defendant "must permit" the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs and tangible objects in a defendant's possession, custody, or control that the defendant "intends to use in [its] case-in-chief at trial." Fed. R. Cr. P. Rule 16(a)(1)(E). The rules do not allow a defendant to withhold reciprocal discovery until the eve of trial or to set its own timetable.

Rule 16(b)(1)(A) applies to all items that the defense will use to support its case, not merely those items that the defense will introduce after the government rests. Specifically, the phrase "defendant's case-in-chief at trial" as stated in Rule 16(b)(1)(A) applies to evidence that a defendant intends to present during the examination of the government's witnesses to support his or her defense, as well as to evidence that the defendant intends to present at trial after the government rests its case (although Rule 16(b)(1)) does not require a defendant to disclose evidence that defendant intends to use only for purposes of impeachment). *See, e.g., United States v. Napout,* 2017 WL 6375729, at *5 (E.D.N.Y. 2017) ("Rule 16 requires Defendants to identify all non-impeachment exhibits they intend to use in their defense at trial,

4

whether the exhibits will be introduced through a government witness or a witness called by a Defendant. … [W]here a defendant cross-examines a government witness to buttress[ ] [his] theory of the case, rather than to impeach the testimony given by the witness on direct examination, [t]he cross-examination ... is properly seen as part of the defendant's case-in-chief[.]); *accord, United States v. Aiyaswamy,* 2017 WL 1365228, at *5 (N.D. Cal. Apr. 14, 2017); *United States v. Larkin*, 2015 WL 4415506, at *6 (D. Nev. July 20, 2015).

### B. Disclosure of Advice-of-Counsel Defense

A defendant cannot call attorneys as witnesses to explain the law or to opine that the defendant's conduct was legal. *See, e.g., Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("A witness ... may not testify to the legal implications of conduct; the [district] court must be the jury's only source of law."). If Copeland asserts an advice-of-counsel defense, he will waive his attorney-client privilege as to the subject matter at issue. *See, e.g.*, *United States v. Jensen*, 573 F. App'x 863, 870 (11th Cir. 2014) ("By claiming that [he] lacked intent to defraud because attorneys told him that [the disputed] transactions were legal, [defendant] waived the attorney-client privilege with respect to communications with counsel concerning [their] legality.").

Moreover, to warrant an advice-of-counsel defense instruction, Copeland must show that: "(1) he fully disclosed to his attorney all material facts that are relevant to the advice for which he consulted the attorney; and (2) thereafter, he relied in good faith on advice given by his attorney." *United States v. Hill*, 643 F.3d 807, 851 (11th

5

Cir. 2011) (*citing United States v. Miles*, 290 F.3d 1341, 1354 (11th Cir. 2002)). Furthermore, timing is crucial, because if the advice-of-counsel at issue did not predate the criminal conduct, it cannot form a proper basis of a good faith reliance on advice of counsel defense. *See Elso v. United States*, 2012 WL 1890715, at *13 (S.D. Fla. May 24, 2012) ("The clear meaning of a good faith reliance defense on the advice of counsel is that *prior* to committing the offense, the defendant sought the advice of an attorney and, after disclosure of all the relevant facts, counsel advised that the proposed course of action would not violate the law.") (emphasis in original).

      This Court may decline to give an advice-of-counsel defense instruction "if it lacks evidentiary support or is based upon mere suspicion or speculation." *United States v. Condon*, 132 F.3d 653, 656 (11th Cir. 1998). Likewise, this Court can exclude evidence that "does not bear a logical relationship to an element of the offense or an affirmative defense." *United States v. Hurn*, 368 F.3d 1359, 1365 (11th Cir. 2004). Moreover, even "otherwise-privileged communications that defendants do not intend to use at trial, but which are relevant to proving or undermining the advice-of-counsel defense, are subject to disclosure 'in their entirety.'" *United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018) (quoting *United States v. Naegele*, 468 F. Supp. 2d 165, 174 n.8 (D.D.C. 2007)).

## II. Copeland Should Disclose Reciprocal Discovery and any Materials Supporting an Advice-of-Counsel Defense by October 1, 2021

### (i) Pretrial disclosure of Copeland's intent to assert an advice of counsel defense will avoid an otherwise inevitable and significant mid-trial delay for the United States to obtain additional discovery.

If Copeland asserts an advice-of-counsel defense, this Court should require Copeland to disclose whether he intends to assert the defense prior to trial. Otherwise, the United States will have to request a stoppage in the middle of trial to obtain and review potentially voluminous discovery and litigate any discovery-related issues. As an example, in *United States v. Shapiro*, the United States filed a motion to compel the defendant to provide pre-trial disclosure on whether an advice-of-counsel defense would be asserted at trial. *See e.g.*, *United States v. Shapiro*, 19-20178-CR-CMA, ECF No. 108 at 1 (S.D. Fla. July 8, 2019). In *Shapiro*, the United States noted that if an advice-of-counsel defense is asserted at trial, the United States would be forced to request an adjournment and interrupt the trial to examine materials that could have been disclosed prior to the start of trial. *Id*. at 2. The defense asserted that the United States' request was a "fishing expedition" or a method to reveal trial strategy. *Id*. at 1. Ultimately, the district court ordered the defendant to provide pre-trial notice on whether an advice-of-counsel defense would be asserted for judicial economy purposes. *Id*. at 2 ("[I]f Defendant does not provide notice and discovery of his communications with attorneys which form the basis of his anticipated advice-of-counsel defense, the Government will be forced, in the middle of trial, to request the Court halt the trial in order for the Government to

7

review a large quantity of new information, thereby disrupting the speedy trial Defendant has insisted upon . . . The Court does not sanction a trial process that anticipates and rushes headlong into such delay and inefficiency.")

In this case, Copeland's defense counsel has indicated that Copeland enjoys an advice-of-counsel defense, which he may raise at trial. With this in mind, this Court should avoid waiting until the middle of trial to confront this time-consuming issue and require disclosure by Copeland at least no later than 30 days before trial.

**(ii) Requiring early disclosure of Copeland's intent to assert an advice-of-counsel defense will allow the parties to litigate prior to trial the applicability and scope of this defense and avoid confusing or misleading the jury.**

If Copeland seeks to assert an advice-of-counsel defense and wishes to introduce attorney testimony or documentary evidence of his general use of attorneys to argue that he *thought* his actions were legal (i.e., to raise a good faith reliance on the advice-of-counsel defense), there are significant procedural implications that should and must, for the sake of efficiency and fairness, be addressed *prior* to trial.[4]

---

[4] Many courts outside of this district have required a defendant to provide pre-trial notice of the advice-of-counsel defense and required pre-trial briefing on the issue. *See, e.g.*, *Crowder*, 325 F. Supp. 3d at 138; *Memory Bowl v. N. Pointe Ins. Co.*, 280 F.R.D. 181, 186 (D.N.J. 2012) (requiring defendant "to advise whether or not it intends to rely on an 'advice-of-counsel' defense" before trial to avoid "unnecessary delay or expense"); *United States v. Cooper*, 283 F. Supp. 2d 1215, 1225 (D. Kan. 2003) (requiring defendant to disclose documents and objects concerning his advice-of-counsel defense fourteen days before trial if defendant intends to raise the defense at trial); *United States v. Scali*, No. 16-CR-466, 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018) (requiring defendant to produce all discovery relating to any advice-of-counsel defense pretrial); *United States v. Hatfield*, No. 06-cr-0550, 2010 WL 183522, at *13 (E.D.N.Y. Jan. 8, 2010) (requiring defendant to provide pretrial notice of intent to rely on advice-of-counsel defense and providing defendant one week post-notice to disclose all documents concerning their intended advice-of-counsel defense to the government). *Cf. United States v. Crinel*, No. 15-61, 2016 WL 6441249, at *12 (E.D. La. Nov. 1, 2016) (requiring a defendant, if he wishes to assert an advice-of-counsel defense, to file a pretrial motion); *United States v. Impastato*,

In this case, advance notice of an advice-of-counsel defense will promote judicial efficiency and the public's right to a speedy trial. To the extent Copeland asserts or relies on an advice-of-counsel defense, Copeland will likely produce a significant number of documents previously withheld, and the United States will then require time to review these records, as well as to interview witnesses and perhaps seek additional discovery.

The United States therefore moves for an order that Copeland immediately comply with Rule 16(b)(1)(A), no later than 30 days before trial, by providing the following information: (1) Copeland's intent to assert or rely on an advice-of-counsel defense, or any good faith defense that in any way relates to advice-of-counsel; (2) the name(s) of the attorney(s) on whose advice he relied on, all statements of that attorney(s), and all summaries of interviews with that attorney(s); (3) all statements, correspondence, and memoranda directed to that attorney(s) on behalf of Copeland detailing the facts on which the attorney(s) relied in order to render legal advice; (4) the identities of all witnesses who will testify in support of that defense, all statements of those witnesses, and all summaries of interviews with those witnesses; and (5) all other materials relevant to the assertion of the defense, whether supportive of a defendant's case or not. The United States further moves the Court to preclude any testimony of any witness on this subject not disclosed in response to that order.

---

535 F. Supp. 2d 732, 740 (E.D. La. 2008) (requiring pretrial briefing on the advice-of-counsel issue should defendant seek to put forth the defense).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests this Court to grant this motion for timely notice of the Copeland's intent to assert an advice-of-counsel defense and related discovery.

Respectfully submitted,

KARIN HOPPMAN
ACTING UNITED STATES
ATTORNEY

JOSEPH S. BEEMSTERBOER
ACTING CHIEF
FRAUD SECTION, CRIMINAL
DIVISION

/s/ Carlos A. López
Carlos A. López
Alejandro J. Salicrup
Trial Attorneys
Fraud Section, Criminal Division
U.S. Department of Justice
400 N. Tampa St., Suite 3200
Tampa, FL 33602
(202) 591-5456 (Alejandro Salicrup)
Alejandro.Salicrup2@usdoj.gov
(202) 875-9038 (Carlos A. López)
Carlos.Lopez@usdoj.gov

## CERTIFICATE OF CONFERENCE AND SERVICE

I hereby certify that I conferred with Mr. David Little, David Byron Copeland's defense counsel, by email on September 22, 2021 and he offered no position on this motion to compel. Further, I certify that on September 23, 2020, I electronically filed the foregoing motion with the clerk for the U.S. District Court, Middle District of Florida, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to counsel of record for all defendants.

                                                   */s/ Carlos A. López*
                                                   Carlos A. López
                                                   Trial Attorney