UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:20-cr-165-MSS-AAS

DAVID BYRON COPELAND

**UNITED STATES' MEMORANDUM
OF LAW REGARDING FORFEITURE**

The United States of America submits this memorandum regarding the procedure governing the forfeiture sought in this case. In the event that the defendant is convicted of any or all of Counts One, Six, Eight, Sixteen, Eighteen and Nineteen, this memorandum outlines why, pursuant to Federal Rule of Criminal Procedure 32.2(b)(5), the Court—and not the jury—should determine the amount of the Order of Forfeiture for criminal proceeds.

**MEMORANDUM OF LAW**

**I.  Applicable Statutes**

The defendant was charged in a multi-count Indictment with conspiracy to commit a federal health care offense (42 U.S.C. § 1320a-7b(b)(1) and 42 U.S.C. § 1320a-7b(b)(2)), in violation of 18 U.S.C. § 371 (Count One); with soliciting and receiving health care kickbacks and bribes, in violation of 42 U.S.C. § 1320(a)-7b(b)(1) (Counts Six and Eight); and with offering and payment of health care kickbacks and bribes, in violation of 42 U.S.C. § 1320a-7b(b)(2) (Counts Sixteen, Eighteen and Nineteen). Doc. 1. If the defendant is convicted of any or all of the

charged offenses, the United States will seek an Order of Forfeiture equal to the amount of proceeds obtained as a result of the health care offenses.

In sentencing a person convicted of a federal health care offense, including a violation of 42 U.S.C. § 1320a-7b(b)(1)(A) and 42 U.S.C. § 1320a-7b(b)(2)(B), and/or a conspiracy to commit such an offense, the Court's authority to enter an order of forfeiture of proceeds against the defendant is found in 18 U.S.C. § 982(a)(7), which provides for forfeiture of any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

## II.     Forfeiture Proceeding for Criminal Proceeds

When a defendant no longer has the criminal proceeds, or property directly traceable to the proceeds, or the government cannot locate that property, the defendant's obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States. *United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008). Federal Rule of Criminal Procedure 32.2(b)(1) provides that, where the government seeks an order of forfeiture, the Court must determine the amount of money that the defendant will be ordered to pay.

There is no constitutional right to a jury determination regarding forfeiture of property. *See United States v. Libretti,* 516 U.S. 29, 49 (1995) ("the nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional

protection"). The only right to a jury trial for forfeiture proceedings is created in Federal Rule of Criminal Procedure 32.2(b)(5). *See United States v. Gaskin*, No. 00-cr-6148, 2002 WL 459005, at \*9 n.3 (W.D.N.Y. 2002) (notwithstanding *Libretti*, which appears to make trial by jury on the forfeiture issue inappropriate, Rule 32.2(b)(4) gives a defendant the right to have the jury determine the forfeiture if the case was tried before a jury), *aff'd*, 364 F.3d 438 (2d Cir. 2004).[1]

Importantly, Rule 32.2(b)(5) provides for the right to a jury determination on the forfeiture of *specific* property only. *See* Fed. R. Crim. P. 32.2(b)(5)(A) (the court must determine if either party requests the jury "be retained to determine the forfeitability of *specific property* if it returns a guilty verdict.") (emphasis added). The Eleventh Circuit held that "a party is *not* entitled to a jury finding regarding a money judgment." *United States v. Curbelo*, 726 F.3d 1260, 1278 (11th Cir. 2013) *cert. denied*, 134 S. Ct. 962, 187 L. Ed. 2d 822 (2014). Instead, "*the court* must determine the amount of money that the defendant will be ordered to pay." *Id.* (quoting Rule 32.2(b)(1)(A)); *see also* Rule 32.2(b)(1) ("If the government seeks a *personal money judgment, the court must determine the amount of money* that the defendant will be ordered to pay.") (emphasis added). The Eleventh Circuit's holding is consistent with that of other circuits. *See United States v. Phillips,* 704 F.3d 754, 769 (9th Cir. 2012) (holding there is no statutory right to have jury determine amount of money

---

[1] When Rule 32.2 was amended in December 2009, section (b)(4) became (b)(5).

judgment); *United States v. Gregoire*, 638 F.3d 962, 972 (8th Cir. 2011) (same)*; United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) (same).

Thus, because the United States does not seek forfeiture of specific property from this defendant, but only an Order of Forfeiture for the amount of criminal proceeds obtained by the defendant, the defendant is not entitled to a jury determination on the forfeiture.

## III. Conclusion

Should the defendant request a jury determination on the amount of the Order of Forfeiture, pursuant to Rule 32.2(b)(5), the United States asks that the Court deny the request, because there is no right to a jury determination of the amount of an order of forfeiture for criminal proceeds.

    Respectfully Submitted,

    KARIN HOPPMANN
    Acting United States Attorney


By:   *s/ Mai Tran*
    MAI TRAN
    Assistant United States Attorney
    Florida Bar Number 100982
    300 N. Hogan Street, Suite 700
    Jacksonville, Florida 32202
    Telephone (904) 301-6301
    E-mail: mai.tran2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/Mai Tran*
MAI TRAN
Assistant United States Attorney
